IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-10-CR-0281-L<br>NO. 3-11-CV-2765-L-BD |
| EDWARD LOUIS MOLZ III | § § | |
| Defendant. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Defendant Edward Louis Molz III, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Punishment was assessed at 96 months confinement followed by a three-year term of supervised release. No appeal was taken. Instead, defendant challenges his sentence in a motion for post-conviction relief under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant contends that he received ineffective assistance of counsel at sentencing. As best the court understands this claim, defendant argues that his attorney should have objected to a two-level enhancement for committing a fraud offense involving "sophisticated means" because 3rd Street Financial, LLC, the organization established by defendant as part of the fraudulent scheme, was not a fictitious entity or a shell corporation.

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice -- that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). If a defendant fails to satisfy either prong, his claim of ineffective assistance of counsel must fail. *Id.*

B.

Defendant blames his attorney for a two-level enhancement imposed by the district court under U.S.S.G. § 2B1.1(b)(10)(C), which applies to fraud offenses involving "sophisticated means."[1] Apparently, defendant believes that the court determined that 3rd Street Financial, LLC, the organization used by defendant to defraud more than 200 victims, was a fictitious entity or a shell corporation. (*See* Def. Mot. at 5). However, the probation officer reported that:

> In order to execute the scheme, the defendant created fraudulent service agreements, and product information sheets, and a website.

---

[1] At the time defendant was sentenced, the "sophisticated means" enhancement was found at U.S.S.G. § 2B1.1(b)(9)(C).

> He also utilized the services of an answering service company and a mail service company. Since the defendant took numerous steps in executing his fraudulent scheme, he qualifies for a 2 level enhancement for sophisticated means.

(PSR at 7, ¶ 30). Nowhere in the presentence report did the probation officer suggest that a "sophisticated means" enhancement was appropriate because the company operated by defendant was a fictitious entity or a shell corporation. Nor did the court make such a finding at the sentencing hearing. Thus, any objection by defense counsel on that basis would have been futile. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to make a meritless objection cannot be grounds for ineffective assistance of counsel).[2]

## **RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

---

[2] Although counsel had no basis for objecting to a "sophisticated means" enhancement, he did argue at sentencing that the "enhancement is there for offenses that are so sophisticated they are especially likely to succeed or for the offender to avoid detection[,]" whereas the offense perpetrated by defendant was "deemed [*sic*] to failure from the beginning." (*See* Sent. Tr. at 18).

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 20, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE